**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 26, 2005[*]
Decided April 27, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-3893

| | |
|---|---|
| DELECE McDUFFY, | Appeal from the United States |
|     *Plaintiff-Appellant,* | District Court for the Northern |
| | District of Illinois, Eastern Division |
|     *v.* | |
| | No. 03 C 3415 |
| FEDERAL EXPRESS | |
| CORPORATION, | Elaine E. Bucklo, |
|     *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Delece McDuffy, an African-American, was employed by Federal Express ("FedEx") from 1996 until she was fired in September 2002.  McDuffy claims that her termination was the result of racial discrimination, and she sued FedEx under Title VII, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. §§ 1981 and 1983.  The district court granted summary judgment for FedEx, and we affirm.

McDuffy was employed as a part-time handler from 1996 until February 2001, when she was promoted to a clerical position.  Six months after her promotion, McDuffy was warned about her poor attendance.  This warning was followed in October 2001 with a disciplinary letter from her supervisor citing her for taking an

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

unauthorized absence from work.  McDuffy received another disciplinary letter in May 2002 for arriving to work late on three days.  A third letter followed in August 2002 after McDuffy left confidential documents in a unsecured location.  According to the employee handbook, FedEx employees are typically fired after accumulating three disciplinary letters within 12 months, but McDuffy's supervisor concluded that she made an honest mistake by not securing the documents and decided not to fire her.  McDuffy, however, received a fourth disciplinary letter the next month after she left work four hours early without properly alerting her supervisor and obtaining approval.  This letter also informed McDuffy that FedEx was terminating her employment.  McDuffy filed a timely charge with the EEOC alleging racial discrimination.  After her charge was denied, she filed this lawsuit.  The district court granted summary judgment for FedEx, finding that McDuffy had not established a prima facie case of discrimination because she failed to meet her employer's legitimate expectations and identified no similarly situated employee who was treated more favorably than she was.  *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

McDuffy makes only general assertions that the district court erred by granting summary judgment on her Title VII claim, but to the extent her brief contains any argument, we agree with the district court's analysis.  McDuffy presented no direct evidence of discrimination, so the district court analyzed her claim under the *McDonnell-Douglas* indirect burden-shifting method.  *See Little v. Ill. Dep't of Revenue*, 369 F.3d 1007, 1011 (7th Cir. 2004).  To establish a prima facie case of discrimination, McDuffy must show that she: (1) is a member of a protected class, (2) was meeting FedEx's legitimate employment expectations, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees not in the protected class.  *Id.* at 1011.  FedEx concedes that McDuffy, as an African-American, is a member of a protected class, and that her termination qualifies as an adverse action.

But McDuffy was not meeting FedEx's legitimate employment expectations because she was repeatedly written up for poor attendance.  *See, e.g., Contreas v. Suncast Corp.*, 237 F.3d 756, 760-61 (7th Cir. 2001) (proper attendance is implicit expectation of every employer).  As for the fourth prong, McDuffy failed to identify a single employee outside her protected class who was similarly situated to her yet treated more favorably.  In contrast, FedEx provided a list of six other employees—three of whom were white and three of whom were African-American—who were terminated between January and September 2002 for accumulating at least three disciplinary letters.  Of these, five were terminated upon receiving their third letter; the remaining employee, like McDuffy, was terminated upon receiving a fourth.

AFFIRMED.